UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RUDDY JAMES BOWENS,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Case No. 2:14-CV-0203-CLS** |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Claimant, Ruddy James Bowens, commenced this action on February 4, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of his treating physician and improperly evaluated his credibility and complaints of subjective symptoms. Upon review of the record, the court concludes that claimant's first contention has merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate:  the extent of the examining or

2

treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Jeremy Allen, claimant's treating physician, completed a Physical Capacities Evaluation form on April 27, 2012. Dr. Allen indicated that claimant could lift and/or carry twenty pounds occasionally to ten pounds frequently. He could sit for a total of four hours, and stand and walk (combined) for a total of one hour, rendering him unable to complete an entire eight-hour workday. Even so, claimant did not require the use of an assistive device to ambulate. Claimant could occasionally push and pull with his arms and legs, climb, balance, perform gross manipulation, bend, stoop, and reach, and he could frequently perform fine manipulation. He could operate motor vehicles, work around hazardous machinery, and work around pulmonary irritants like dust, allergens, and fumes. The assessed levels of severity of all of claimant's impairments would apply even without consideration of any substance abuse.[1] On a Clinical Assessment of Pain form, Dr.

---

[1] Tr. 329.

Allen indicated that pain was present to such an extent as to be distracting to adequate performance of daily activities or work. Physical activity would greatly increase claimant's pain to such a degree as to cause distraction from or total abandonment of tasks. Claimant would experience some side effects from his prescribed medication, but not to such a degree as to create serious problems in most instances. Dr. Allen opined that claimant did have an underlying serious medical condition consistent with the pain he experienced.[2]

The ALJ afforded only little weight to Dr. Allen's assessment. According to the ALJ, "Dr. Allen indicated the claimant was not capable of working a full eight hours in a day, which is contradicted by his treatment records where he has ordered only conservative treatment and by the findings of the examining physician, Dr. Kuremsky, and the State agency consultative physician."[3] These conclusions are in accordance with applicable law, *see Phillips, supra*, but they are not supported by substantial evidence of record.

Dr. Marshall Kuremsky conducted a consultative physical examination on June 11, 2011. He noted that claimant used a walking stick to ambulate, and his gait was slow, painful, and antalgic. He could get on and off the examination table, get up and out of the chair, and dress and undress himself. He had point tenderness throughout

---

[2] Tr. 330-31.
[3] Tr. 66-67.

his lower back, and grip strength of 4/5 bilaterally with some questionable effort. The examination revealed reduced range of motion in essentially all areas other than hands, wrists, elbows, and hips. Claimant was unable to walk on his heels or toes, squat, or perform heel-to-toe movements. Dr. Kuremsky's overall impressions were as follows:

> Low back pain with bilateral right worse than left leg pain, stating due to an atraumatic problem with his back. Unfortunately, not much information accompanies this patient's chart. He does have a couple of notes from the emergency room over the last six months, where he has appeared for chronic low back pain. He has been discharged uneventfully from these with nonsteroidal antiinflammatory medications. X-rays of the lumbar spine dated 8/20/2010 showed mild degenerative change of the lumbar spine with normal appearing hips. MRI of the lumbar spine dated 8/20/2010 showed mild scoliosis with degenerative changes at L3-L4, L4-L5, and L5-S1 with a broad based disc bulge at L5-S1 with right foraminal stenosis. Again, these were radiology interpretation reports only and were not films available for my review. It is difficult to tell, whether this patient has had an exacerbation of the preexisting condition, *i.e.*, an acute worsening of a herniated disc, etc., that would explain his symptoms, or whether this is symptom [*sic*] which do not corroborate with imaging studies performed in the past eight months.[4]

Dr. Kuremsky recommended "further clinical correlation" in order to follow up and assess the degree of claimant's impairments.[5]

The ALJ did not explicitly state how much weight he afforded to Dr. Kuremsky's assessment, but he appears to give it controlling, or at least great weight.

---

[4] Tr. 286 (alterations supplied).
[5] T. 287.

The ALJ also did not explain why he thought Dr. Kuremsky's opinion contradicted Dr. Allen's, and the court cannot discern any basis for that conclusion that would be supported by the record. Dr. Kuremsky assessed significant limitations in claimant's range of motion, gait, grip strength, and other movements, all of which would be consistent with an inability to work a full eight-hour day, as Dr. Allen found. While there may be some other evidence that supports the ALJ's decision not to fully credit Dr. Allen's assessments, the ALJ appears to rely primarily upon Dr. Kuremsky's report. Because that report simply cannot be reconciled with the ALJ's decision, this court cannot conclude that the ALJ's decision was supported by substantial evidence. Remand is warranted for further consideration of the medical opinions of record, further explanation of the weight afforded to Dr. Kuremsky's assessment, further explanation of why Dr. Allen's assessment was rejected, and collection of additional medical evidence, if necessary.

Based on the foregoing, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 6th day of October, 2014.

_____
United States District Judge